UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 3:08-CR-00048(01)RM |
| | ) | |
| GENERAL R. RADENCICH | ) | |

OPINION AND ORDER

On October 16, 2008, defendant General Radencich pleaded guilty, without the benefit of a plea agreement, to unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. 922(g)(1). Two weeks before sentencing, Mr. Radencich moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for failure to state an offense, asserting that 18 U.S.C. 922(g)(1) is unconstitutional.

Mr. Radencich asserts that 18 U.S.C. 922(g)(1) is unconstitutional on several grounds. First, he argues that the federal statute violates the Second Amendment in light of the Supreme Court's recent ruling in District of Columbia v. Heller, ___ U.S. ___, 128 S. Ct. 2783 (June 26, 2008). Second, he contends that the mere allegation that a firearm was manufactured outside the state of possession doesn't confer federal jurisdiction under the Commerce Clause and violates the Tenth Amendment. Third, he argues that the statute violates the defendant's rights under the Equal Protection Clause. The government's response to Mr. Radencich's motion says District of Columbia v. Heller expressly rejected the defendant's Second Amendment argument, the jurisdictional element within

18 U.S.C. § 922(g) is sufficient to satisfy Congress's authority to enact the legislation under the Commerce Clause, and the statute doesn't violate the Equal Protections Clause.

ANALYSIS

Mr. Radencich moved to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B). Rule 12(b)(3) provides a list of motions that must be raised before trial, but excludes claims that the indictment fails to invoke the court's jurisdiction or fails to state an offense. FED. R. CRIM. P. 12(b)(3)(B). The court of appeals has addressed whether a defendant who has pleaded guilty can assert a motion to dismiss for failure to state an offense. In United States v. George, 403 F.3d 470 (7th Cir. 2005), the defendant pleaded guilty and was two weeks from being sentenced when he moved to dismiss under Rule 12(b)(3)(B) for failure to state an offense. Id. at 471-472. The court noted that by pleading guilty "a defendant normally surrenders an opportunity to contest the merits, waiving (not just forfeiting) all argument that could have been raised earlier." Id. at 472 (citing United States v. Broce, 488 U.S. 563 (1989)). The court also noted that the plea agreement made that explicit by waiving all matters that could have been raised by pretrial motion — the failure of the indictment to state an offense is such a matter. Id. Although Rule 12(b)(3)(B) provides the district court with discretion to hear a claim that the indictment fails to invoke the court's jurisdiction or to state an offense, the court of appeals found that the district judge didn't abuse his

2

discretion in denying the defendant's motion: "[i]t was made late in the day (only two weeks before sentencing) and rested on a misunderstanding." Id.

This case differs from United States v. George because Mr. Radencich didn't enter into a plea agreement explicitly waiving his right to file pretrial motions. Further, several appellate decisions have noted that an attack on a statute underlying a conviction is jurisdictional and cannot be waived. See United States v. Bell, 70 F.3d 495, 496-497 (7th Cir. 1995) (finding that the defendant didn't waive his right to challenge the constitutionality of the applicable statute after pleading guilty); see also United States v. Williams, 410 F.3d 397, 400, n. 2 (7th. Cir. 2005); United States v. Jackubowski, 63 Fed. Appx. 959, 960, n. 1 (7th Cir. 2003) (unpublished). Accordingly, this court exercises its discretion to address the motion's merits.

Judge Springmann addressed a similar motion to dismiss in United States v. Schultz, No. 1:08-CR-75, 2009 WL 35225, *2 (N.D. Ind. Jan. 5, 2009). This court adopts the reasoning expounded in that case.

*Second Amendment*

Relying on the recent Supreme Court opinion, District of Columbia v. Heller, 128 S. Ct. 2783, Mr. Radencich contends that § 922(g)(1) abrogates his constitutional rights under the Second Amendment. The Heller Court held that the District of Columbia's firearm restrictions prohibiting the possession of handguns in the home and requiring all firearms within the home to be kept inoperable at all times, making them unavailable for the lawful purpose of self-

3

defense, violated the Second Amendment. Id. at 2821-2822. In so holding, the Court found that the Second Amendment conferred an individual right to keep and bear arms. Id. at 2799. Although the Court stated that nothing in the opinion was meant "to cast doubt on longstanding prohibitions on the possession of firearms by felons," Id. at 2816-2817, Mr. Radencich contends that this is difficult to square with the Court's observation that "[a] citizen who keeps a gun or pistol under judicious precautions, practices in safe places the use of it, and in due time teaches his sons to do the same, exercises his individual right. No doubt, a person whose residence or duties involve peculiar peril may keep a pistol for prudent self-defense." (Def. Motion to Dismiss 4) (quoting District of Columbia v. Heller, 128 S. Ct. at 2812).

Mr. Radencich asserts 18 U.S.C. § 922(g)(1) is an even greater restriction than the District of Columbia's on the individual's right to possess a firearm for lawful purposes, so the permanent abrogation of this constitutional right cannot be permissible after United States v. Heller and is unconstitutional as applied to him. Mr. Radencich further contends that the statute is unconstitutional on its face, reasoning that in light of Heller, any right to bear arms is subject to strict scrutiny and must be tailored narrowly to serve a compelling state interest. Mr. Radencich asserts that 18 U.S.C. § 922(g)(1) fails this test because the statute isn't narrowly tailored.

As Mr. Radencich notes, the Supreme Court stated that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the

4

possession of firearms by felons" - this language is clear. "This [c]ourt can only follow that clear, unambiguous instruction as it applies to the challenged felon-in-possession statute . . . and conclude that the law is indeed constitutional on its face and as applied . . . ." United States v. Schultz, 2009 WL 35225, *2. As noted by the court in Schultz, "[t]here is no wiggle room to distinguish the present case from the Supreme Court's blanket statement." Id.

Although the Seventh Circuit hasn't addressed the constitutionality of § 922(g)(1) in light of District of Columbia v. Heller, those courts that have addressed this issue have upheld the statute. See United States v. Irish, No. 06-4082, 285 Fed. Appx. 326, 327 (8th Cir. July 31, 2008) (finding that the felon in possession statute doesn't violate the Second Amendment); United States v. Gilbert, No. 07-30153, 286 Fed. Appx. 383, 386 (9th Cir. July 15, 2008) (noting that under District of Columbia v. Heller, felons don't have a right to possess any firearms); United States v. Brunson, No. 07-4962, 292 Fed. Appx. 259, 261 (4th Cir. Sept. 11, 2008) (finding that § 922(g)(1) doesn't violate the Second Amendment); United States v. Li, No. 08-CR-212, 2008 WL 4610318, *6 (E.D. Wis. Oct. 15, 2008) (denying a motion to dismiss indictment on charges of being a felon in possession of a firearm after District of Columbia v. Heller); United States v. Burris, No. 1:07-CR-76; 2008 WL 4000635, *2 (W.D. N.C. August, 26, 2008) (same); United States v. Henry, No. 08-20095, 2008 WL 3285842, at *1 (E.D. Mich. Aug. 7, 2008) (same); United States v. Robinson, No. 07-CR-202, 2008 WL 2937742, at *2 (E.D. Wis. July 23, 2008) (same); United States v. Yancey, No.

5

08-CR-103, 2008 WL 4534201, *1 (W.D. Wis. Oct. 3, 2008) (citing favorably to courts affirming the constitutionality of 18 U.S.C. § 922(g)); Reynolds v. Sherrod, No. 08-CV-506, 2008 WL 3287042, *2 (S.D. Ill. Aug. 8, 2008) (dismissing as "meritless" a habeas corpus petition that sought to invalidate a conviction for being felon in possession of a firearm in light of District of Columbia v. Heller); United States v. Borgo, No. 1:08-CR-81, 2008 WL 4631422, at *2 (W.D. N.C. Oct.17, 2008) (rejecting District of Columbia v. Heller challenge to § 922(g)(1)); United States v. Kilgore, No. 08-CR-66, 2008 WL 4058020, *1 (W.D. Wis. August 26, 2008) (same); United States v. Whisnant, No. 3:07-CR-32, 2008 WL 4500118, at *1 (E.D. Tenn. Sept. 30, 2008) (finding that the District of Columbia v. Heller decision doesn't change the constitutionality of 18 U.S.C. § 922(g)); see also United States v. Fincher, 538 F.3d 868, 873-874 (8th Cir. August 13, 2008) (rejecting District of Columbia v. Heller challenge to ban on machine gun and sawed-off shot gun possession); United States v. White, No. 07-00361, 2008 WL 3211298, at *1 (S.D. Ala. Aug. 6, 2008) (denying defendant's motion to dismiss indictment for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence post District of Columbia v. Heller).

In accord with these cases, this court finds that the language of District of Columbia v. Heller doesn't support Mr. Radencich's motion to dismiss on Second Amendment grounds.

*Commerce Clause and Tenth Amendment*

Mr. Radencich acknowledges that the federal courts thus far have upheld § 922(g)(1) as a constitutional exercise of Congress's Commerce power, but asserts that the Supreme Court's holding in United States v. Lopez, 514 U.S. 549 (1995), declaring that a federal law criminalizing possession of a firearm in a school zone exceeded Congress's Commerce Clause authority, overrules or casts doubt on United States v. Scarborough, 431 U.S. 563, 97 S. Ct. 1963 (1977), holding that the interstate commerce nexus requirement of the felon in possession statute was "satisfied by proof that the firearm . . . had previously traveled in interstate commerce." He reasons that the mere allegation that the firearms were manufactured outside the state of possession isn't enough to confer federal jurisdiction in this case. Mr. Radencich further states: "Now that it is firmly established that the Second Amendment confers to the individual a key constitutional right originally and traditionally left almost exclusively to state regulation, the tenuous, commerce-based jurisdiction now endangered by the Supreme Court's Commerce Clause jurisprudence must give way." (Def. Motion to Dismiss 10).

Our court of appeals addressed the constitutionality of § 922(g) in response to attacks based on the Commerce Clause after United States v. Lopez, finding that "the statute's inclusion of a jurisdictional element insulates it from constitutional attack under the reasoning of United States v. Lopez, 514 U.S. 549 . . . and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 . . . (2000)." United States v. Juarez, 454 F.3d 717, 719 (7th Cir. 2006). The court of appeals

has "rejected similar challenges to the statute on several occasions[; . . .] Commerce Clause challenges to the felon-in-possession statute fail 'because 922(g) itself contains a jurisdictional element, and because the Supreme Court ... suggested that prior movement of the firearm in interstate commerce would suffice to meet that element.'" United States v. Juarez, 454 F.3d at 719 (citing United States v. Lemons, 302 F.3d 769, 772 (7th Cir. 2002); United States v. Keller, 376 F.3d 713, 716-717 (7th Cir. 2004); United States v. Vallejo, 373 F.3d 855, 860-861 (7th Cir. 2004); and United States v. Mitchell, 299 F.3d 632, 635 (7th Cir. 2002)). Mr. Radencich provides no persuasive reason why the Supreme Court's decision in District of Columbia v. Heller would call into question the court of appeal's ruling in United States v. Juarez; this court cannot find one.

Mr. Radencich admitted that he possessed the firearms in Indiana and that they had been manufactured outside the state. These facts suffice to satisfy the statute's jurisdictional element. See United States v. Juarez, 454 F.3d at 719 (finding the defendant's stipulation that the gun was manufactured in a state other than the state of possession was sufficient). The court rejects Mr. Radencich's Commerce Clause claim.

As far as Mr. Radencich's Tenth Amendment claim, he states that it is "implicated by overly broad assertions of federal jurisdiction." (Def. Motion to Dismiss 9). The court of appeals has upheld Tenth Amendment challenges to 18 U.S.C. § 922(g). United States v. Hemmings, 258 F.3d 587, 594 (7th Cir. 2001); see also United States v. Jackubowski, 63 Fed. Appx. 959, 961 (7th Cir. 2003).

Mr. Radencich doesn't explain how <u>District of Columbia v. Heller</u> changes this controlling precedent.

*Equal Protection Clause*

Mr. Radencich claims that section 922(g)(1) violates the Equal Protection Clause because it "treats individuals in like circumstances very differently 'in the enjoyment of their personal and civil rights' and in the 'administration of criminal justice.'" (Def. Motion to Dismiss 11-12). He notes that the statute relies on diverse state definitions of felony crimes to define the conduct that will result in a loss of the right to possess firearms. By incorporating inconsistent state laws, he says the statute is facially unequal and although courts have upheld this inequality under a rational basis review, it can't withstand the higher standard of strict scrutiny. Pointing to the restoration of rights scheme at 18 U.S.C. § 921(a)(20), he further claims that this statute inconsistently restores to some individuals the right to bear arms by incorporating a collection of disparate state restoration schemes.

Mr. Radencich's argument assumes that the language in <u>District of Columbia v. Heller</u> establishes a fundamental right to bear arms, meaning that statutes restricting or limiting this fundamental right must be reviewed under strict scrutiny. This court disagrees. The Court in <u>District of Columbia v. Heller</u> didn't find that the individual right to bear arms is a fundamental right, nor did the Court explicitly adopt a level of scrutiny for Second Amendment challenges. <u>See</u> <u>United States v. Schultz</u>, 2009 WL 35225 at *5 ("<u>Heller</u> did not declare that this right is fundamental" and "did not explicitly adopt a level of scrutiny for

9

Second Amendment challenges."). Previously the Supreme Court used the rational basis standard of review to uphold a predecessor felon in possession statute against a Due Process claim. See Lewis v. United States, 445 U.S. 55 (1980). Some courts have rejected the rational basis standard of review based on the reasoning and analysis in District of Columbia v. Heller, but have not gone so far as to apply strict scrutiny. Rather, several courts suggest that the intermediate test is now applicable when evaluating a Heller-based equal protection challenge. See United States v. Schultz, 2009 WL 35225 at *5; see also United States v. Bledsoe, No. SA-08-CR-13(2), 2008 WL 3538717 (W.D. Tx. August, 8, 2008). This court agrees that the constitutionality of 18 U.S.C. 922(g)(1) should be reviewed under intermediate scrutiny. "To withstand intermediate scrutiny, a statutory classification must be substantially related to an important governmental objective." Clark v. Jeter, 486 U.S. 456, 461 (1988).

The court agrees with the Schultz court that for predictive purposes, "[p]ersons who have committed felonies are more likely to commit crimes than those who have not." United States v. Schultz, 2009 WL 35225 at *5, n. 4. As such, "[e]fforts to keep firearms out of the hands of crime-prone felons . . . deter crime and result in the arrest, conviction, and imprisonment of offenders." United States v. Schultz, 2009 WL 35225 at *5, n. 5. Public safety is an important governmental objective, United States v. Schultz, 2009 WL 35225 at *5 (citing cases); the statutory classification prohibiting felons from possessing firearms

substantially relates to this objective. 18 U.S.C. § 922(g)(1) isn't unconstitutional under the Equal Protection Clause.

CONCLUSION

Based on these reasons, the court DENIES Mr. Radencich's motion to dismiss indictment (document # 17).

SO ORDERED.

ENTERED:  January 20, 2009  

                                                /s/ Robert L. Miller, Jr.  
                                              Chief Judge  
                                              United States District Court